Atm Magfoor Rahman SARKAR;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73829.
Agency Nos. A70–952–103, A70–
952–104, A70–952–105, A70–
952–106, A70–952–107.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Ahmed M. Abdallah, Esq., Attorney at Law Hollywood Taft Bldg., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol L. Wallack, Margaret J. Perry, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Atm Magfoor Rahman Sarkar, his wife, and their three children, all natives and

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

citizens of Bangladesh, petition for review of the Board of Immigration Appeals' ("BIA") order denying as untimely their motion to reopen. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen because it was filed seven months after the BIA's final decision, and did not present evidence of changed circumstances in Bangladesh that was unavailable at the time of their previous hearing. *See* 8 C.F.R. § 1003.2(c)(2) (A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"); 8 C.F.R. § 1003.2(c)(3)(ii) (motion to reopen may be filed based on changed country conditions if such evidence is material and was unavailable and could not have been discovered or presented at the previous hearing).

Petitioners' remaining contentions lack merit.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.